J-S03003-18
J-S03004-18
J-S03005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAHIYM J. BYRD, | |
| Appellant | No. 1218 EDA 2017 |

Appeal from the Judgment of Sentence February 28, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002655-2008

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAHIYM J. BYRD, | |
| Appellant | No. 1219 EDA 2017 |

Appeal from the Judgment of Sentence February 28, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004642-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAHIYM J. BYRD, | |
| Appellant | No. 1220 EDA 2017 |

J-S03003-18
J-S03004-18
J-S03005-18

Appeal from the Judgment of Sentence February 28, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004571-2014

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 28, 2018**

Appellant, Lahiym J. Byrd, appeals from the judgment of sentence of an aggregate term of 1 to 4 years' incarceration, imposed after his terms of probation/parole in three separate cases were revoked.[1]   On appeal, Appellant seeks to challenge the discretionary aspects of his sentence. Additionally, his counsel, Nicholena A. Iacuzio, Esq., seeks to withdraw her representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the pertinent facts and procedural history of Appellant's three cases, as follows:

> Appellant … originally pled guilty on case CP-23-CR-0002655-08 [(hereinafter "case 2655-08")] on July 8, 2008[,] before the Honorable William R. Toal Jr.  Pursuant to the plea[,] Appellant pled guilty to accidents involving death or personal injury and was sentenced to 90 days to 23 months of incarceration and 2 years of consecutive probation.  The record

_____

[*] Former Justice specially assigned to the Superior Court.
[1] Appellant filed separate appeals in each of his cases, which we have consolidated herein.

- 2 -

reflects that Appellant had several **Gagnon II**[2] hearings on this case in the years that followed his plea, including one in 2012, one in 2014, and most recently, on February 28, 2017.

Appellant originally pled guilty on case CP-23-CR-4642-12 [(hereinafter "case 4643-12")] on August 9, 2012[,] before the Honorable Mary Alice Brennan. Pursuant to the plea[,] Appellant pled guilty to theft by unlawful taking and was sentenced to 2 to 23 months of incarceration and given immediate parole. The record reflects that Appellant had a **Gagnon II** hearing in 2014 and another on February 28, 2017[,] in this case.

Appellant entered a *nolo* [*contendere*] plea on case CP-23-CR-4571-14 [(hereinafter "case 4571-14")] on December 17, 2014[,] before this court at which time he pled guilty to one count of simple assault. He was sentenced to 2 years of probation. A **Gagnon II** hearing was held on this case on February 28, 2017.

At the hearing on February 28, 2017, Appellant appeared before this court after he picked up two new cases and was found to be in violation of his probation and parole. He was sentenced as follows: On [case 2655-08 to] one (1) to four (4) years of incarceration; on [case 4642-12 to] full back time of 552 days with immediate parole; on [case 4571-14 to] one (1) to two (2) years of incarceration with 45 days of credit for time served. All sentences were ordered to run concurrent to one another.

Following the hearing, Appellant filed a motion for reconsideration of [his] sentence[,] which was denied, and … a timely Notice of Appeal was filed on April 20, 2017. Appellant was ordered to file a [Pa.R.A.P. 1925(b)] Statement of Matters Complained of on Appeal and on June 7, 2017[,] counsel

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973) (directing that when a parolee/probationer is detained pending a revocation hearing, due process requires a pre-revocation, **Gagnon I** hearing be conducted to determine that probable cause exists that a violation of parole/probation has been committed; where a finding of probable cause is made, a second, more comprehensive **Gagnon II** hearing is required before a final revocation of parole/probation can be made).

complied and stated her intention to file an ***Anders*** brief in the Superior Court.

Trial Court Opinion, 6/22/17, at 1-2.

On October 6, 2017, Attorney Iacuzio filed with this Court a petition to withdraw and an ***Anders*** brief, asserting that Appellant's sentencing challenge is frivolous, and that he has no other non-frivolous issues he could assert on appeal.

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> ***Santiago***, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

- 4 -

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Iacuzio's *Anders* brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's sentencing claim, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Additionally, attached to her petition to withdraw, Attorney Iacuzio includes a letter written to Appellant in which she states that she is providing him with a copy of her *Anders* brief, and she informs him of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal.

We will now independently review the record to determine if Appellant's sentencing issue is frivolous, and to ascertain if there are any other non-frivolous claims he could pursue on appeal. The sole issue that Attorney Iacuzio presents in her *Anders* brief is whether Appellant's

sentence is "excessive in light of the fact that he has suffered from both significant mental and emotional health issues." ***Anders*** Brief at 6. This claim constitutes a challenge to the discretionary aspects of Appellant's sentence and, thus, we apply the following standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

***Commonwealth v. Cook***, 941 A.2d 7, 11–12 (Pa. Super. 2007) (internal quotations and citations omitted).

> Additionally,

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the

- 6 -

> sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Attorney Iacuzio filed a timely notice of appeal, she preserved Appellant's sentencing claim in a post-sentence motion, and she has included a Rule 2119(f) statement in her ***Anders*** brief to this Court.[3] Therein, Attorney Iacuzio states that Appellant's "aggregate sentence of one to four years['] imprisonment is harsh and excessive under the circumstances[,] given his acceptance of responsibility and his

---

[3] We recognize, however, that "[w]here counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate [Rule] 2119(f) statement." ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 184 (Pa. Super. 2016) (quoting ***Commonwealth v. Ziegler***, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted)).

mental/emotional health issues." ***Anders*** Brief at 4. Attorney Iacuzio concludes that this claim does not present a substantial question for our review. ***Id.*** at 5.

We disagree. Our Court has held that a claim that "consecutive sentences [are] unduly excessive, together with [a] claim that the court failed to consider [the defendant's] rehabilitative needs and mitigating factors upon fashioning his sentence, presents a substantial question." ***Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa. Super. 2015). We recognize that Appellant did not receive consecutive sentences in this case; however, he argues that the aggregate term of incarceration is excessive, given his need for mental health rehabilitation, and in light of the mitigating fact that he took responsibility for his criminal conduct. We will liberally construe this argument as constituting a substantial question for our review. ***See id.***; *see also* ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (holding that an excessive sentence claim, combined with an assertion that the court did not consider mitigating factors, raises a substantial question for our review) (citation omitted); ***Commonwealth v. Dodge***, 77 A.3d 1263, 1273 (Pa. Super. 2013) (determining that an appellant's claim that the court failed to consider his rehabilitative needs and the nature and circumstances of the offense in fashioning its sentence raised a substantial question).

Nevertheless, we agree with Attorney Iacuzio that Appellant's claim is frivolous. We begin by noting that Attorney Iacuzio vigorously argued at Appellant's revocation/resentencing hearing that his criminal conduct stemmed from his mental health issues, and that with treatment, rather than incarceration, he could be rehabilitated. **See** N.T. Revocation/Resentencing Hearing, 2/28/17, at 10-16. In this vein, Attorney Iacuzio detailed for the court Appellant's "history of psychiatric mental health issues." **Id.** at 10-12. She informed the court that Appellant had previously "never wanted to admit" that he suffered from these issues, but that he now has "come to terms" with his mental illness and has "done a complete turnaround." **Id.** at 10, 15. In light of Appellant's improvement, and willingness to seek further help, Attorney Iacuzio argued that he should be placed on electronic home monitoring, with "the caveat" that he enter an inpatient psychiatric program within seven days of beginning that sentence. **Id.** at 10-12, 13.

In rejecting counsel's request, the trial court pointed out that Appellant's most recent criminal offense, which formed the basis for the revocation of his parole/probation, was aggravated assault, premised on Appellant's assaulting a security guard at a mental hospital at which he had been involuntarily committed. **Id.** at 6-7, 13. Additionally, the court questioned whether the reason for Appellant's recent 'turnaround' could be

the fact that he was currently in a "structured situation" of incarceration. *Id.* at 15. Attorney Iacuzio conceded that it was "a possibility." *Id.* at 16.

The court also considered the Commonwealth's position that the state prison system has "multiple different programs" to assist Appellant with his mental health issues, as well as "more equipment [to] handle his level of violence when he is in one of his episodes." *Id.* at 18. The Commonwealth stressed that Appellant had committed multiple parole/probation violations and was given "multiple opportunities" to address his issues in the past, yet he failed to do so. *Id.* at 19. Indeed, the Commonwealth maintained that Appellant's "behaviors continue escalating and are not getting any better[,]" as evidenced by his most recent aggravated assault conviction. *Id.* at 9. Accordingly, the Commonwealth asked for an aggregate sentence of 2 to 4 years' incarceration. *Id.* at 4.

The court also listened to Appellant's statement before sentencing. Appellant informed the court that he was attending Alcoholics Anonymous and Narcotics Anonymous meetings and seeking help for his mental health issues. *Id.* at 18. He also discussed that his girlfriend and his mother were very sick, and he needed to help care for his children. *Id.* at 16-17. Appellant stressed that he believed if he went into state prison, it would "put [him] in a deeper darker place and depression." *Id.* at 18.

Ultimately, the trial court determined that a sentence of incarceration in a state prison was appropriate for Appellant. The court clearly premised

Appellant's sentence on the treatment options available in state prison beyond that which was available to county prisoners. *See id.* at 22-23. The court also stressed that Appellant had committed several violations of his parole/probation, and it took into account the Commonwealth's argument that Appellant's "level of violence" could best be handled in a state prison, rather than in a county jail or by parole/probation officers. *Id.* at 20, 23. Based on all of these considerations, the court imposed a sentence of one to four years' incarceration.

We ascertain no abuse of discretion in the trial court's sentencing decision. The court imposed a minimum term of one year of incarceration, which was lower than that requested by the Commonwealth. Moreover, the court clearly concluded that the programs offered in state prison would assist Appellant's rehabilitation better than county prison, and that Appellant posed too great a risk to himself and the community to be released on electronic home monitoring, as evidenced by his repeated violations and his most recent aggravated assault conviction. As Attorney Iacuzio points out, Appellant's "new sentence falls within the standard range of the minimum sentences suggested by the [s]entencing [g]uidelines, even though those [g]uidelines are inapplicable." *Anders* Brief at 6 (citing 204 Pa. Code § 303.1(b) (directing that the sentencing guidelines do not apply to sentences imposed after the revocation of parole or probation)). Given the totality of these circumstances, and the factors considered by the trial court, we

conclude that Appellant's sentence was not an abuse of the court's discretion. Accordingly, we agree with Attorney Iacuzio that this issue is frivolous.

Additionally, after independently reviewing the record, we find no other, non-frivolous issues that Appellant could raise herein. Therefore, we affirm Appellant's judgment of sentence and grant Attorney Iacuzio's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judge Panella joins this memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/18